**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03204-CNS-SBP

KENNY D. VELASQUEZ,

Plaintiff,

v.

ASPLUNDH TREE SERVICE
EXPERTS,

Defendant.

---

ORDER

---

This matter is before the Court on Defendant Asplundh Tree Service Experts' Motion to Dismiss Plaintiff's Employment Discrimination Complaint, ECF No. 19 (Motion or Motion to Dismiss). Plaintiff Kenny D. Velasquez filed a response, ECF No. 28, and Defendant filed a reply, ECF No. 30. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons explained below, the Court hereby **GRANTS** Defendant's Motion to Dismiss and **ORDERS** that Plaintiff's Amended Complaint, ECF No. 11, be dismissed without prejudice.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

Defendant has filed a motion to dismiss your claims because you have not provided enough facts for the Court to determine that you are plausibly entitled to relief and because your damages request is frivolous. Defendant asks the Court to dismiss your claims permanently, meaning you cannot bring them in a new lawsuit before this

Court, because you have had several opportunities to provide the Court with enough facts. After reviewing your Third Amended Complaint, the Court agrees with Defendant that you have not provided enough factual detail to demonstrate that your right to relief is more than speculative. The Court is giving you one **final** opportunity to file an amended complaint within 21 days.

## II. BACKGROUND

### A. Factual Background

The factual background of this matter is somewhat opaque, as Plaintiff has included few details in the series of pleadings he has filed thus far. *See generally* ECF Nos. 1, 4, 9, 11. In the operative pleading (ECF No. 11) (Third Amended Complaint or TAC), Plaintiff avers that he was hired by Defendant on May 16, 2024, and was "assigned to work under Foreman Wilbur and Crew Lead Mike in Farmington, Colorado."[1] ECF No. 11 at 4. Around June 2024, Plaintiff asserts that Foreman Wilbur and Crew Lead Mike began openly making "repeated harassing and discriminatory comments" toward Plaintiff, "including remarks suggesting Plaintiff was gay." *Id.* Plaintiff claims Wilbur "received information about [Plaintiff] from "an outside electrical inspector, who would speak to Wilbur before Wilbur made the comments." *Id.* Plaintiff further alleges that he was moved between crews for what he believes were "perceptions about his sexual orientation," and he eventually requested a transfer to Cortez, Colorado, "due to the hostile work environment" and accepted a decrease in compensation to effectuate the transfer. *Id.*

[1] The Court is unaware of any such town or city in the state of Colorado and presumes Plaintiff is referring to Farmington, New Mexico.

Initially, things were going well in his new work environment, but Plaintiff claims that Wilbur eventually visited his new work site, and afterward, Plaintiffs' coworkers' behavior toward him began to change. *Id.* at 5.

Plaintiff claims that he "began hearing from coworkers and family members" that his new supervisor was "discussing his sexual orientation with others." *Id.* As a result, Plaintiff claims his "working conditions deteriorated" and his "mental and emotional health suffered severely," eventually leading him to resign from his position. *Id.* The final factual allegation in Plaintiff's Third Amended Complaint is difficult to decipher; however, Plaintiff appears to claim that he was "green lighted"[2] by a gang with which he was affiliated because of his mistreatment at work. *Id.* As a result, Plaintiff claims to have been "running for his life all last winter" and that "[e]very day [Plaintiff] is in fear of his life not knowing what to bring out every day." *Id.* He further claims to suffer from "[m]ental distress" and "[n]ight t[errors]." *Id.*

### B. Procedural Background

On August 12, 2025, Plaintiff received a right-to-sue letter from the U.S. Equal Employment Opportunity Commission (E.E.O.C.). ECF No. 11-2. On October 10, 2025, Plaintiff filed this pro se employment discrimination action, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ECF No. 1.

Because Defendant's Motion to Dismiss raises Plaintiff's purported "refusal to comply with court orders" regarding the several pleadings he has filed in this action thus

---

[2] The Court is unfamiliar with the term in this context but presumes it means that Plaintiff was marked for violence because of his perceived sexual orientation. *See* ECF No. 9 at 3 (allegations in Second Amended Complaint).

far, ECF No. 19 at 4-5, the Court will devote some discussion to Plaintiff's initial filings. On October 10, 2025, Magistrate Judge Richard Gurley ordered Plaintiff to refile his Complaint due to several procedural errors—Plaintiff (1) had not completed a motion and affidavit to proceed *in forma pauperis* (IFP), (2) had not filed his pleading on the District's employment discrimination complaint form, and (3) had not attached a copy of his E.E.O.C. administrative charge of discrimination or right-to-sue letter. ECF No. 3. Plaintiff's initial Complaint had other deficiencies as well. Specifically, Plaintiff had not included any factual allegations and had merely stated the elements of his causes of action. *See* ECF No. 1. On the same day as Judge Gurley's order, Plaintiff filed his First Amended Complaint (FAC), ECF No. 4, which included Plaintiff's right-to-sue letter. *Id.* On November 4, Plaintiff filed his Second Amended Complaint (SAC).[3] ECF No. 10. The SAC was properly filed on the District's employment discrimination form; however, it included only a single factual allegation—a claim that Plaintiff was "public[ly] outed" and, as a result of Plaintiff's "gang affiliation," Plaintiff was "running for [his] life." *Id.* at 3. The SAC also stated the following: "Supporting facts: EEOC case number 541-2025-02432," *id.*, which the Court interprets as an attempt to incorporate by reference documents from Plaintiff's E.E.O.C. charge file.

On November 11, Judge Gurley issued a second order noting significant deficiencies in Plaintiff's SAC. ECF No. 10. Judge Gurley made a sincere effort to explain to Plaintiff the relevant legal standards applicable to his claims. The order explained the Rule 8 pleading standard, and it noted that Plaintiff had failed to "provide a short and plain

[3] Plaintiff also filed his IFP motion on October 15, a motion for appointment of pro bono counsel on October 17, and an amended IFP motion on October 22. ECF Nos. 5, 6.

statement of his claims that demonstrates he is entitled to relief." *Id.* at 4. Judge Gurley explained the purpose of Title VII; the elements of a prima facie employment discrimination claim; the elements of a prima facie hostile work environment claim; and a prima facie Title VII retaliation claim. *Id.* at 5-6. Judge Gurley also noted that Plaintiff's requested relief—ownership of Defendant—was unavailable in a Title VII action, *id.* at 3. Finally, Judge Gurley directed Plaintiff to file a new complaint consistent with the foregoing instructions and notified Plaintiff that he could obtain legal assistance from the Federal Pro Se Clinic.[4] *Id.* at 6.

On December 1, 2025, Plaintiff filed his Third Amended Complaint (TAC), which is the operative pleading in this matter. ECF No. 11. Plaintiff's TAC includes more factual matter than the SAC and asserts claims under Title VII for: (1) hostile work environment, and (2) retaliation. ECF No. 11 at 3. Plaintiff seeks compensatory and punitive damages, back pay, reinstatement, and "Fully ownership of Asplundha Tree Service and Assets or monetary equal to the Company Value." *Id.* at 6. Two days after Plaintiff filed his TAC, Magistrate Judge Gurley issued an order drawing the case, which assigned it to the undersigned Article III judge. *See* ECF Nos. 11, 12.

On January 28, 2026, Defendant filed its Motion to Dismiss. ECF No. 19. In its Motion, Defendant argues that Plaintiff has failed to state a Title VII claim, that Plaintiff's "refusal to comply with court orders" demonstrates that further amendment of the TAC would be futile, and that Plaintiff's "exceptionally frivolous damages" claim warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at 4-11. In response, Plaintiff asserts that

[4] Judge Gurley also denied Plaintiff's motion for pro bono counsel as premature. ECF No. 10 at 8.

he has adequately pleaded each of his Title VII claims and that dismissal at this juncture would be "premature" because Plaintiff is still awaiting the results of a Freedom of Information Act (FOIA) request for his EEOC charge file, which he believes will "contain[] documents, statements, and evidence relevant to Plaintiff's discrimination and retaliation claims." ECF No. 28 at 2-3.

## III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations. . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins*, 519 F.3d at 1247 (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claims "across the line from conceivable to plausible"). The court considers exhibits to a complaint in

determining whether a plaintiff has stated plausible claims. *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Finally, because Plaintiff is not represented by an attorney, the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV. ANALYSIS

Defendant seeks dismissal of Plaintiff's two employment discrimination claims—hostile work environment and retaliation—on two grounds: first, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted, and second, Defendant asserts that Plaintiff's request for relief, which includes a request for ownership of Defendant, is frivolous and warrants dismissal under the IFP statute. ECF No. 19 at 9-11. Defendant also argues that dismissal with prejudice is appropriate because Plaintiff has "refused to comply with express orders from this Court." *Id.* at 4-5. In response, Plaintiff argues only that he has adequately pled his claims; that Defendant has raised "disputed factual issues that cannot be resolved at the motion-to-dismiss stage"; and that he is still awaiting copies of his charge file from the EEOC, which he needs to substantiate his claims. ECF No. 28 at 2-4.

## I. Title VII Claims

### A. Claim One: Discrimination Based on Hostile Work Environment

Title VII prohibits an employer from discriminating against any individual 'because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). "Under Title VII, a plaintiff can prove discrimination in several ways, including proof of a hostile work environment or disparate treatment." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021). Title VII's reference to the "'terms, conditions, or privileges of employment' evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). "Thus, '[w]hen the workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," Title VII is violated.'" *Morgan*, 536 U.S. at 116 (quoting *Harris,* 510 U.S. at 21).

To succeed on a hostile work environment claim, a plaintiff must show (1) she was discriminated against because of her sex, and (2) the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment. *Throupe*, 988 F.3d at 1251 (citing *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020)). "For harassment to be sufficiently severe or pervasive to alter the terms, conditions, or privileges of employment, the complained-of conduct must be both objectively and subjectively offensive." *Young v. Colo. Dep't of Corr.*, 94 F.4th 1242, 1250

(10th Cir. 2024). "Evidence of a general work atmosphere...as well as evidence of specific hostility directed toward the plaintiff []—is an important factor in evaluating" a hostile work environment claim. *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415 (10th Cir. 1987). Courts "must assess 'the objective severity of the harassment from the perspective of a reasonable person in the plaintiff's position, *considering all the circumstances*." *Id.* (quoting *Harsco Corp. v. Renner*, 475 F.3d 1179, 1187 (10th Cir. 2007)).

"Of course, at the 12(b)(6) stage, a plaintiff need not conclusively *prove* a violation of Title VII. And the *McDonnell Douglas* burden shifting framework 'does not create a pleading requirement.'" *Id.* (emphasis in original) (quoting *Barrett v. Salt Lake County*, 754 F.3d 864, 867 (10th Cir. 2014)). Rather, a "plaintiff must 'nudge [her] claims across the line from conceivable to plausible,'" *id.* (quoting *Khalik*, 671 F.3d at 1190), meaning a plaintiff must offer "more than 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019) (quoting *Khalik*, 671 F.3d at 1193).

Here, Defendant argues that Plaintiff's discrimination claim should be dismissed because (1) the alleged discriminatory comments "were apparently instigated by 'an outside electrical inspector' not employed by Asplundh," and Asplundh has no duty to protect its employees from harassment by third parties; (2) Plaintiff's factual allegations demonstrate only that Plaintiff was subjected to isolated, stray remarks, which are not actionable under Title VII; and (3) Plaintiff's allegations are otherwise thread-bare and insufficient to satisfy Rule 8. ECF No. 19 at 5-7

As an initial matter, the Court disagrees with Defendant that the alleged harassment detailed in Plaintiff's pleading is solely attributable to third parties. In fact, it is patently unclear from the face of the TAC what role the "outside electrical inspector" played in the harassment. It is equally likely, and perhaps even more so, that the electrical inspector merely instigated the harassment by telling Plaintiff's foreman that Plaintiff was gay. *See* ECF No. 11 at 4 (alleging electrical inspector "would speak with [foreman] Wilbur before Wilbur made the comments").

However, the Court otherwise agrees with Defendant that Plaintiff fails to sufficiently plead a Title VII hostile work environment claim. The burden falls upon Plaintiff to plead enough facts for this Court to find it plausible that he was subjected to harassment "so objectively offensive as to alter the 'conditions' of [his] employment.'" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). To make this determination, the Court needs sufficient facts regarding the circumstances of the harassment, including its frequency; its severity; "whether it [wa]s physically threatening or humiliating," or merely offensive; and "whether it unreasonably interfere[d] with [Plaintiff's] work performance." *Harsco Corp.*, 475 F.3d at 1187. The Third Amended Complaint includes none of these details. Plaintiff does not give any indication of what was said, just that it involved "harassing and discriminatory comments . . ., including remarks suggesting Plaintiff was gay." ECF No. 11 at 4. It offers no details of the frequency of these comments, only that they "were made openly during morning meetings and on job sites." *Id.* And it gives no indication of the severity of the comments, whether they were "physically threatening or humiliating," or whether they unreasonably interfered with

Plaintiff’s work performance; it simply asserts that the comments caused “Plaintiff’s working conditions [to] deteriorate[]” and his “mental and emotional health [to] suffer[] severely.” *Id.*

Plaintiff’s allegations regarding the harassment faced simply lack any factual description that would enable this Court to understand the nature of that harassment. Without understanding the nature of that harassment, the Court cannot “infer more than the mere possibility of misconduct”; thus, “the complaint has alleged—but it has not ‘show[n]’—“that [Plaintiff] is entitled to relief.” *Iqbal*, 556 U.S. at 679.

Accordingly, the Court orders that Plaintiff’s hostile work environment claim be dismissed without prejudice.

**B. Claim Two: Retaliation**

Title VII prohibits an employer from retaliating against an employee because she has “opposed any practice made an unlawful employment practice by” the statute or “made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing” under the same. 42 U.S.C. § 2000e-3(a). A plaintiff bringing a Title VII retaliation claim in the Tenth Circuit must plausibly allege: “(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged [retaliatory] action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.” *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021) (first alteration in original) (quoting *Khalik*, 671 F.3d at 1193).

"Protected opposition can range from filing formal charges to voicing informal complaints to superiors." *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004). The material adversity requirement is judged by an objective standard: "[W]hether a reasonable employee 'would have found the defendant's conduct sufficiently adverse that he or she well might have been dissuaded by such conduct from making or supporting a charge of discrimination.'" *Somoza*, 513 F.3d at 1214 (quoting *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1090 (10th Cir. 2007)). A plaintiff can establish a causal connection by presenting "evidence of circumstances that justify an inference of retaliatory motive." *Iweha v. Kansas*, 121 F.4th 1208, 1236 (10th Cir. 2024) (quoting *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014)). Generally, the plaintiff "must show that the individual who took adverse action against [her] knew of the employee's protected activity." *Id.* (quoting *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007)). "If the protected conduct is closely followed by the adverse action, courts have often inferred a causal connection." *Ward*, 772 F.3d at 1203.

Here, Defendant argues that Plaintiff's Title VII retaliation claim should be dismissed because Plaintiff has not alleged that he suffered materially adverse action. ECF No. 19 at 7-9. The Court agrees that Plaintiff has failed to allege that he suffered any materially adverse action as a result of engaging in protected activity. Plaintiff states that, due to the aforementioned harassment, he requested a transfer to another work crew in Cortez, Colo. ECF No. 11 at 3-4. However, he claims that he was retaliated against "through continued harassment, negative treatment, and constructive discharge." *Id.* at 3. But, as with the discrimination claim, Plaintiff gives little to no description of the post-

protected activity harassment, stating only that he "began hearing from coworkers and family members that [his new supervisor] was discussing his sexual orientation with others." *Id.* at 4. To be materially adverse, an action must be "serious enough to 'dissuade[] a reasonable worker from making or supporting a charge of discrimination.'" *Muldrow*, 601 U.S. at 248 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). The Court is unable to determine whether the alleged retaliatory harassment Plaintiff faced meets this burden given the dearth of details included in the TAC. Plaintiff's conclusory assertion that Defendant "retaliated against him through continued harassment, negative treatment, and constructive discharge" "are at best vague and conclusory, and are thus insufficient" to show Plaintiff's entitlement to relief.[5] *Crudup v. Schulte*, 12 F. App'x 682, 685 n.1 (10th Cir. 2001).

Accordingly, the Court orders that Plaintiff's retaliation claim be dismissed without prejudice.

**C. Effect of Dismissal**

Defendant argues that Plaintiff's Third Amended Complaint should be dismissed with prejudice because Plaintiff has had multiple chances to adequately plead his claims. ECF No. 19 at 4-5. Although a dismissal of a pro se complaint under Rule 12(b)(6) is typically without prejudice, "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). "A proposed

[5] Plaintiff's allegation regarding his alleged persecution by gang members due to his sexual orientation is also too vague to support either of his claims. It is unclear what the impetus for this alleged persecution was or whether it was work related in the first instance.

amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Here, although Plaintiff has had several opportunities to amend his pleading. *See* ECF Nos. 1, 4, 5, 11, it is clear to the Court that he is attempting to comply with the Court's orders. In his response to the Motion to Dismiss, Plaintiff insists that he "has requested the EEOC charge file through a FOIA request but has not yet received the investigative materials." ECF No. 28 at 3. The charge file "contains documents, statements, and evidence relevant to Plaintiff's discrimination and retaliation claims." *Id.* Accordingly, Plaintiff contends that dismissing his claims before he obtains his charge file would be prejudicial. *Id.* The Court is not so sure, but because Plaintiff's efforts to amend have attempted to follow the Court's guidance, the Court will grant Plaintiff one final attempt to sufficiently plead his claims. By now, he surely has obtained his EEOC file and must include sufficient details of his claims in his final attempt.

## II. Frivolousness of Action

Alternatively, Defendant seeks dismissal of Plaintiff's Third Amended Complaint on the grounds that Plaintiff's request for damages is "exceptionally frivolous and fictional," thus warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). ECF No. 19 at 9. Specifically, Defendant refers to Plaintiffs request for damages in the form of ownership over Defendant or a monetary award equal to the value of Defendant. *See* ECF No. 11 at 6.

Because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits," claims brought *in forma pauperis* are subject to a preliminary screening. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). If a plaintiff is authorized to proceed *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B)(i) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious."

The Court declines to find an independent ground for dismissal on the basis of the frivolousness of Plaintiff's requested relief. Plaintiff is a pro se party, and although Judge Gurley previously explained to Plaintiff that such relief was unavailable in a Title VII action, the Court cannot say that the failure to remove that relief from the Third Amended Complaint was intentional. Further, the cases Defendant cites in which courts have dismissed IFP complaints for frivolity involved claims that were exponentially more dubious than those in Plaintiff's Third Amended Complaint. *See Thomas v. United States*, No. 11-572C, 2012 WL 514712, at *1 (Fed. Cl. Feb. 16, 2012) (claiming a conspiracy, overseen by "Lucifer, Devil, Satan, The Serpent of Old in the Book of Gensis [sic]," to "smuggle 'nuclear machine Guns with nuclear Bullets' "); *Akinro v. United States*, 91 Fed. Cl. 650, 652 (Fed. Cl. 2010) (demanding "thirty years imprisonment" for several individuals, including "Iya Osho brother of Head of Indian Demon Library Power," for "intercept [sic] with the delivery of my mails, stole and still stealing all the money . . . worth billions and trillions of dollars"); *Maat El v. United States*, No. 24-1563, 2024 WL 4851311, at *1-2 (Fed. Cl. Nov. 21, 2024) (seeking $100 million per defendant for failure to recognize plaintiff's "sovereign citizen" identification card). Courts in this District have

recognized time and again that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will do so here.

## V. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 19). Accordingly, Plaintiff's Third Amended Complaint (ECF No. 11) is **DISMISSED without prejudice**. In light of this order, Plaintiff's pending Motion for Relief from Missed Deadline and for Extension of Time Due to Excusable Neglect and Limited Access to the Court (ECF No. 34) is **DENIED as moot**. Plaintiff may file a Fourth Amended Complaint within 21 days of this order if he can cure the defects identified above.

DATED this 28th day of September 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge